UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWARD ROBERSON III,<br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED REVENUE, LLC, aka<br>UNITED REVENUE CORPORATION,<br>　　　　　Defendant. | Case No. 3:25-cv-02270-B<br><br>DEMAND FOR JURY TRIAL |

**PLAINTIFF'S AMENDED COMPLAINT**

### I.   INTRODUCTION

1. Plaintiff, EDWARD ROBERSON III, a Texas resident, brings this action under the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), against Defendant, UNITED REVENUE, LLC, for violations of the Fair Debt Collection Practice Act 15 U.S.C. § 1692 et seq. (FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of a debt and makes them liable under 15 U.S.C. § 1692k.

### II.   PARTIES

2. Plaintiff, EDWARD ROBERSON III, is a "consumer" as defined by 15 U.S.C. § 1692a(3). Plaintiff is a natural person and a resident of the State of Texas.

3. Defendant, UNITED REVENUE ("UNITED"), is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Upon information and belief, UNITED is a domestic limited liability company doing business at all relevant times in Texas, and may be served with process at 204 BILLINGS ST, STE 120, ARLINGTON, TX 76010, which service is hereby requested.

PLAINTIFF'S COMPLAINT                                                                                   1

### III. VENUE AND JURISDICTION

4. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Personal jurisdiction exists over Defendant, United, as Defendant has the necessary minimum contacts with the State of Texas, and this suit arises out of Defendant's specific conduct with Plaintiff in Texas. All the actions described in this complaint occurred in Mansfield, TX.

6. Venue is proper as Defendant, United, does business in this judicial district.

### IV. FACTUAL BACKGROUND

7. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

8. Plaintiff alleged "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5) is an alleged debt that arose from a transaction entered into primarily for personal, family, and household purposes.

9. Defendant is a debt collection company that engages in the business of debt collection. Defendant's principal business purpose is the collection of defaulted debts, and uses various instruments of interstate commerce to accomplish debt collection, including sending letters, calling on the phone, credit reporting, filing lawsuits, etc. For the purposes of this action, Defendant is classified as a "debt collector" under the provisions of the FDCPA, specifically 15 U.S.C. § 1692a(6).

10. Defendant is engaged in the collection of debt from consumers using the mail, electronic communication (such as emails and SMS), by telephone, and credit reporting to persuade consumers to pay. Defendants regularly attempt to collect consumers' debts alleged to be due to another.

11. Defendant is a debt collector and Plaintiff is the alleged debtor, thereby establishing that the nature of the relationship between Defendant and Plaintiff is inherently based on the collection of a debt, and communication is made in connection with the collection of any debt.

12. United acquired the account from Innovative Emergency Physicians.

13. On or about March 20, 2025, Plaintiff sent a letter to Defendant notifying Defendant that they are no longer disputing the account and requested that Defendant remove all dispute comments and/or notation from the account on the credit report, see Exhibit 1.

14. Defendant received the letter on March 24, 2025.

15. Plaintiff pulled their credit report on August 8, 2025, from Experian, which showed Defendant last updated the item of information on the consumer report on August 4, 2025, in connection with the collection of the debt.

16. Despite Plaintiff's request, Defendant failed to or refused to remove the dispute comments/ notations from the item of information, in violation of the FDCPA, see Exhibit 2.

17. With the disputed item appearing on the credit report, Plaintiff's FICO score is calculated and reported inaccurately. Additionally, Plaintiff's credit report continues to be damaged due to Defendant's failure to properly update the item of information in connection with the collection of the debt.

18. Defendant communicated and continues to communicate defamatory information to Experian and Equifax by inaccurately reporting that Plaintiff continues to dispute the debt despite Plaintiff being explicitly clear in their previous communication that they are no longer disputing the debt.

19. Defendant's refusal to properly communicate the debt was no longer disputed may confuse the least sophisticated consumer into thinking that the only alternative to get the dispute comments removed is to make a payment, agreeing to the debt.

20. Defendant's actions and inactions, and communication in connection with the collection of any debt were done intentionally to induce payment from Plaintiff.

21. Defendant's intentional reporting of information it knew to be false to consumer reporting agencies has caused reputational harm to Plaintiff, constituting damages of the kind traditionally recognized in actions for defamation.

22. Plaintiff has suffered actual damages as a result of Defendant's actions and inactions in connection with the collection of any debt in the form of anxiety, loss of sleep, headaches, emotional distress, frustration, anger, humiliation, out-of-pocket costs, and other negative emotions.

23. As a direct and proximate result of Defendants' willful, malicious, reckless, wanton, and or negligence, as mandated by the FDCPA, Plaintiff has been harmed, as explained above.

## V.    UNITED'S VIOLATIONS OF 15 U.S.C. § 1692 et seq.

24. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

25. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of any debt by continuing to report the item of information as disputed after being informed of the inaccuracy, in connection with the collection of any debt.

(b) Defendant violated 15 U.S.C. § 1692e(8) by reporting credit information known to be false in connection with the collection of any debt, including the failure to communicate to the consumer reporting agencies that Plaintiff had informed Defendant that the account is no longer being disputed.

26. Defendant failed to reasonably comply with the Plaintiff's request as shown previously. Defendant knew the Plaintiff was no longer disputing the debt but chose to dismiss Plaintiff's rights under the FDCPA and knowingly reported and communicated false information in connection with the collection of any debt.

27. Defendant marking and/or failing to mark a debt as disputed or remove dispute comments on a credit report is done in connection with the collection of any debt.

28. Defendant's intentional reporting of false information to consumer reporting agencies constitutes a violation of Plaintiff's rights, causing reputational harm akin to damages typically recognized in defamation claims.

29. Defendants' actions violated 15 U.S.C. § 1692e and render them liable for actual and statutory damages and costs, and reasonable attorney's fees under 15 U.S.C. § 1692k.

30. At all times pertinent hereto, Defendants' conduct was willful and carried out in reckless disregard for a consumer's right as set forth under the Fair Debt Collection Practices Act.

## VI.    RIGHT TO AMEND

31. These allegations against Defendants are made acknowledging that this complaint is still under Investigation and in Discovery. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendant for all damages allowable, costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper pursuant to 15 U.S.C. § 1692k.

## VIII.     DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

Date: September 8, 2025

/s/ Andrew Woods II
Andrew Woods II
Illinois Bar No.: 36311
Oklahoma Bar No.: 24-215
Texas Bar No.: 36311OK
Woods Legal Advocates, PLLC
13101 Preston Road Ste 110-5100
Dallas, TX 75240
214-764-3275
pleadings@woodslegaladvocates.com

*Counsel for Plaintiff*

# Exhibit 1

Edward Roberson

March 20, 2025

UNITED REVENUE
204 BILLINGS ST STE 120
ARLINGTON, TX 76010

RE: Account Number: 979996X, Balance: $1,391

This is not a dispute over the validity of the debt but rather a clear refusal to pay this debt under any circumstances. Please remove all dispute comments, notations, and remarks from my credit report.

Thank you for your time and prompt attention to my request.


Sincerely,

Edward Roberson


Certified Mail Tracking #: 9407111898765453164151

# USPS Tracking®

FAQs >

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/st

×

Your item was delivered to an individual at the address at 2:40 pm on March 24, 2025 in ARLINGTON, TX 76010.

ARLINGTON, TX 76010
March 24, 2025, 2:40 pm

**See All Tracking History**

**Get More Out of USPS Tracking:**
　　USPS Tracking Plus®

**What Do USPS Tracking Statuses Mean?
(https://faq.usps.com/s/article/Where-is-my-package)**

**Text & Email Updates**　　　　　　　　　　　⌄

**USPS Tracking Plus®**　　　　　　　　　　　⌄

**Product Information**　　　　　　　　　　　⌄

See Less ∧

Track Another Package

Feedback

# Exhibit 2

## UNITED REVENUE $1,391

Original creditor: **INNOVATIVE EMERG PHYSICIANS**

### Account info

| | | | |
|---|---|---|---|
| Account name | **UNITED REVENUE** | Balance | **$1,391** |
| Account number | **979996X** | Balance updated | **Aug 04, 2025** |
| Original creditor | **INNOVATIVE EMERG PHYSICIANS** | Original balance | **$1,391** |
| Company sold | **-** | Monthly payment | **-** |
| Account type | **Collection** | Past due amount | **$1,391** |
| Date opened | **Jul 30, 2019** | Terms | **1 Month** |
| Status | **Collection account. $1,391 past due as of Aug 2025.** | Responsibility | **Individual** |
| | | Your statement | **-** |
| Status updated | **Jul 2019** | | |

### Payment history

| | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2025 | ND | C | C | C | C | C | C | C | - | - | - | - |
| 2024 | C | C | C | C | C | C | C | C | C | C | C | ND |
| 2023 | C | C | C | ND | C | C | C | C | C | C | C | C |
| 2022 | C | C | C | C | C | C | C | C | C | C | C | C |
| 2021 | ND | C | C | ND | C | C | ND | C | C | C | C | C |
| 2020 | ND | C | C | C | ND | C | C | C | C | C | C | C |
| 2019 | - | - | - | - | - | - | - | - | - | - | C | C |

**C** Collection   **ND** No data for this period   **-** Data Unavailable

### Contact info

| | |
|---|---|
| Address | 204 BILLINGS ST STE 120<br>ARLINGTON,<br>TX 76010 |
| Phone number | (817) 640-4477 |

### Comments

Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EDWARD ROBERSON III

### DEFENDANTS
UNITED REVENUE, LLC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew Woods, II
Woods Legal Advocates, PLLC
13101 Preston Road, Ste 110-5100
214-764-3275

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*

## IV. NATURE OF SUIT
[X] 480 Consumer Credit (15 USC 1681 or 1692)

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 et seq.

Brief description of cause:
Violation of 15 U.S.C. § 1692 et seq.

## VII. REQUESTED IN COMPLAINT:
DEMAND $ _____
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____