**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **Edward Roberson III**<br>    **Plaintiff**<br><br>**vs.**<br><br>**LVNV Funding, LLC,**<br>    **Defendant.** | **Case No. 3:25-cv-02270-B** |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant LVNV Funding, LLC (LVNV) answer(s) Plaintiff's Complaint as follows:

### I.   INTRODUCTION

1. Plaintiff, EDWARD ROBERSON III, a Texas resident, brings this action under the Fair Debt Collection Practice Act, 15 U.S.C. § 1692, et seq. (the "FDCPA"), against Defendant, LVNV Funding, LLC, for violations of the Fair Debt Collection Practice Act 15 U.S.C. § 1692 et seq. (FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of a debt and makes them liable under  15 U.S.C. § 1692k.

   **Answer:  Paragraph 1 is merely descriptive of Plaintiff's claims and requires no response. However, to the extent it can be construed to assert**

that LVNV violated the FDCPA or any other state or federal law with regard to Plaintiff it is denied.

## II.   PARTIES

2. Plaintiff, EDWARD ROBERSON III, is a "consumer" as defined by 15 U.S.C. § 1692a(3). Plaintiff is a natural person and a resident of the State of Texas.

   **Answer:  LVNV admits that Plaintiff is a natural person. At this time LVNV lacks knowledge or information sufficient to form a belief as to the remainder of this paragraph.**

3. Defendant, LVNV Funding, LLC ("LVNV"), is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Upon information and belief, LVNV is a foreign limited liability company doing business at all relevant times in Texas, and may be served with process by serving its registered agent, CSC-LAWYERS INCORPORATING SERVICE COMPANY at 211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, which service is hereby requested.

   **Answer:  Admitted that Plaintiff has identified LVNV's registered agent. Otherwise, denied.**

## III.   VENUE AND JURISDICTION

4. Jurisdiction of this court arises under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331.

   **Answer:  At this time LVNV lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.**

5. Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the State of Texas, and this suit arises

out of all Defendant's specific conduct with Plaintiff in Texas. All the actions described in this complaint occurred in Mansfield, Texas.

**Answer: Denied.**

6. Venue is proper as Defendant does business in this judicial district.

    **Answer: Denied. However, venue is not contested.**

## IV.   FACTUAL BACKGROUND

7. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

    **Answer:   LVNV reasserts and incorporates by reference each of its foregoing responses as if fully set forth herein.**

8. Plaintiff alleged "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5), is an alleged debt that arose from a transaction entered into primarily for personal, family, and household purposes.

    **Answer: At this time LVNV lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.**

9. Defendant is a debt collection company that engages in the business of debt collection. Defendant's principal business purpose is the collection of defaulted debts, and uses various instruments of interstate commerce to accomplish debt collection, including sending letters, calling on the phone, credit reporting, filing lawsuits, etc. For the purposes of this action, Defendant is classified as a "debt collector" under the provisions of the FDCPA, specifically 15 U.S.C. § 1692a(6).

    **Answer: Denied.**

10. Defendant is engaged in the collection of debt from consumers using the mail, electronic communication (such as emails and SMS), by telephone, and credit reporting to persuade consumers to pay. Defendant regularly attempts to collect consumers' debts alleged to be due to another.

    **Answer Denied.**

11. LVNV acquired the accounts from Navy Federal as follows:

    (a)  Account Number: **********9424, Balance: $939.09

    (b)  Account Number: **********8311, Balance: $4,452.95

    (c)  Account Number: **********3443, Balance: $11,198.06

    **Answer:   Admitted.**

12. Resurgent regularly collects debt acquired by LVNV.

    **Answer:  As worded, denied.**

13. Defendant is a debt collector and Plaintiff is the alleged debtor, thereby establishing that the nature of the relationship between Defendant and Plaintiff is inherently based on the collection of a debt, and communication is made in connection with the collection of any debt.

    **Answer:   As worded, denied.**

14. Plaintiff pulled his credit report and noticed Defendant reporting an account on his credit report, marked disputed.

    **Answer:   At this time LVNV lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.**

15. Plaintiff sent a letter to LVNV dated March 20, 2025, notifying Defendant that he refuses to pay and is no longer disputing these accounts and

requested that Defendant remove all dispute comments and/or notation from the account, via certified mail tracking number: 9407111898765453163215, see Exhibit 1.

**Answer:  Admitted that LVNV received such a letter. Otherwise, denied.**

16. LVNV received the letter on March 25, 2025, see Exhibit 1.

    **Answer:  Admitted.**

17. Despite the clear refusal to pay, in an attempt to intimidate, harass, and oppress Plaintiff, on letters dated April 7, 2025, Resurgent, on behalf of LVNV, sent separate subsequent communications for each account attempting to collect this alleged debt, see Exhibit 2.

    **Answer: Admitted that Resurgent Capital Services, L.P. sent correspondence to Plaintiff in an attempt to comply with its duties as a furnisher. Otherwise, denied.**

18. This communication was sent to confuse, harass, and deceive Plaintiff.

    **Answer: Denied.**

19. When a consumer notifies the company in writing of their refusal to pay, the company shall not communicate further unless it meets one of the exceptions according to 15 U.S.C. § 1692c(c).

    **Answer:  Paragraph 19 is an incomplete, and therefore inaccurate statement of the law and it is denied as such.**

20. Defendants did not meet any of the three exceptions under which they can continue to communicate with the Plaintiff, therefore violating the

Plaintiff's rights.

**Answer:   Denied.**

21. Plaintiff pulled his Experian credit report on August 8, 2025, which showed that Defendant had last updated the item of information on the consumer report on July 8, 2025, in connection with the collection of the debt.

**Answer: At this time LVNV lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph.**

22. Despite Plaintiff's request, Defendant failed to or refused to remove the dispute comments/ notations from the item of information, in violation of the FDCPA, see Exhibit 3.

**Answer: Denied.**

23. With the disputed item appearing on the credit report, Plaintiff's FICO score is calculated and reported inaccurately. Additionally, Plaintiff's credit report continues to be damaged due to Defendant's failure to properly update the item of information in connection with the collection of the debt.

**Answer: Denied.**

24. Defendant communicated and continues to communicate defamatory information to Experian by inaccurately reporting that Plaintiff continues to dispute the debt despite Plaintiff being explicitly clear in his previous communication that he is no longer disputing the debt.

**Answer: Denied.**

25. Defendant's refusal to properly communicate the debt was no longer disputed may confuse the least sophisticated consumer into thinking that the only alternative to get the dispute comments removed is to make a payment, agreeing to the debt.

    **Answer: Denied.**

26. Defendant's actions and inactions, and communication in connection with the collection of any debt were done intentionally to induce payment from Plaintiff.

    **Answer: Denied.**

27. Defendant's intentional reporting of information it knew to be false to consumer reporting agencies has caused reputational harm to Plaintiff, constituting damages of the kind traditionally recognized in actions for defamation as well as intrusion by seclusion, by wrongfully interfering with his privacy and personal affairs.

    **Answer: Denied.**

28. Plaintiff has suffered actual damages as a result of Defendant's actions and inactions in connection with the collection of any debt in the form of anxiety, loss of sleep, headaches, emotional distress, frustration, anger, humiliation, out-of-pocket costs, and other negative emotions.

    **Answer: Denied.**

29. As a direct and proximate result of Defendant's willful, malicious, reckless, wanton, and or negligence, as mandated by the FDCPA, Plaintiff has been harmed, as explained above.

**Answer: Denied.**

## V.   LVNV'S VIOLATIONS OF 15 U.S.C. § 1692 et seq.

30. Plaintiff reasserts each of the preceding paragraphs as if set forth here in their entirety.

**Answer: LVNV reasserts and incorporates by reference each of its foregoing responses as if fully set forth herein.**

31. Defendant's violations include, but are not limited to, the following:

    (a) Defendants violated 15 U.S.C. § 1692c(c) by communicating with the Plaintiff with respect to each debt after a refusal to pay was sent in writing.

    (b) Defendants violated 15 U.S.C. § 1692d by sending subsequent communications to the Plaintiff attempting to collect the alleged debt in order to harass him.

    (c) Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of any debt by continuing to report the item of information as disputed after being informed of the inaccuracy, in connection with the collection of any debt.

    (d) Defendant violated 15 U.S.C. § 1692e(8) by reporting credit information known to be false in connection with the collection of any debt, including the failure to communicate to the consumer reporting agencies that Plaintiff had informed Defendant that the account is no longer being disputed.

    **Answer:  Denied, including all sub-parts.**

32. Defendant failed to reasonably comply with the Plaintiff's request as shown previously. Defendant knew the Plaintiff was no longer disputing the debt and had refused to pay, but chose to dismiss Plaintiff's rights under the FDCPA and knowingly reported and communicated false information in connection with the collection of any debt

    **Answer: Denied.**

33. Defendant marking and/or failing to mark a debt as disputed or remove dispute comments on a credit report are done in connection with the collection of any debt.

    **Answer: Denied.**

34. Defendant's intentional reporting of false information to consumer reporting agencies constitutes a violation of Plaintiff's rights, causing reputational harm akin to damages typically recognized in defamation claims.

    **Answer: Denied.**

35. Defendant's actions violated 15 U.S.C. § 1692c, 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, and render them liable for actual and statutory damages and costs, and reasonable attorney's fees under 15 U.S.C. § 1692k.

    **Answer: Denied.**

36. At all times pertinent hereto, Defendant's conduct was willful and carried out in reckless disregard for a consumer's right as set forth under the Fair Debt Collection Practices Act.

    **Answer: Denied.**

## VI.  RIGHT TO AMEND

37. These allegations against Defendant are made acknowledging that this complaint is still under Investigation and in Discovery. As further investigation and discovery are conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations.

**Answer:  Denied.**

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Defendant for all damages allowable, costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper pursuant to 15 U.S.C. § 1692k.

**Answer:  LVNV denies that Plaintiff is entitled to any such relief.**

## VIII.  DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

**Answer: Plaintiff's jury demand requires no response.**

## ADDITIONAL AND AFFIRMATIVE DEFENSES

LVNV alleges the following affirmative and other defenses, as authorized by the Federal Rules of Civil Procedure:

1. LVNV asserts the defense of setoff. Plaintiff is indebted to LVNV as admitted in his Complaint.  Any award to Plaintiff should be set off against the

debt owed to LVNV. Where two opposing claims arise out of separate transactions between the same parties, "setoff" is the equitable right of one party to offset her debt by the amount of its claim against the other party. "The right of setoff (also called offset) allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995), quoting *Studley v. Boylston Nat'l Bank*, 229 U.S. 523, 528 (1913).

2.   LVNV denies that Plaintiff is entitled to, or should, recover statutory damages in any amount for any claim. *See, e.g., Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 176 L.Ed.2d 519 (2010).

3.   LVNV asserts that an award of statutory damages in the absence of actual damages would be a denial of its right to due process under the Constitution of the United States of America. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996).

**ATTORNEY'S FEES**

LVNV asserts that Plaintiff has brought this action in bad faith and for the purpose of harassment. Courts have made it clear that there is no merit to the theory that plaintiff was harmed by a dispute code. Continued reporting of the debt as disputed could not have caused Plaintiff any harm, as the XB reporting status actually served to protect Plaintiff's credit score. Had the disputed status been removed, Plaintiff's credit score would have dropped. This case is based on a ridiculous theory designed by Plaintiff and his attorney to manufacture a

lawsuit where no harm exists. Pursuant to 15 U.S.C. § 1692k(a)(3) LVNV is entitled to recover its reasonable fees and costs in this case.

**WHEREFORE, PREMISES CONSIDERED**, Defendant LVNV Funding, LLC requests that Plaintiff take nothing in this action. Defendant further requests its fees and costs, together with all such other and further relief, at law or in equity, as to which it may be justly entitled.

    Respectfully submitted,

    */s/ Manuel H. Newburger*
    Manuel H. Newburger (attorney-in-charge)
    State Bar No. 14946500
    mnewburger@bn-lawyers.com
    **BARRON & NEWBURGER, P.C.**
    7320 N. MoPac Expy., Suite 400
    Austin, Texas 78731
    Tel: (512) 476-9103
    Fax: (512) 576-9253

    ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 16, 2025, the foregoing was served on Plaintiff's counsel via the Court's ECF System.

/s/ <u>Manuel H. Newburger</u>
Manuel H. Newburger

**Service List:**

Andrew Woods II
Woods Legal Advocates, PLLC
13101 Preston Road Ste 110-5100
Dallas, TX 75240
214-764-3275
pleadings@woodslegaladvocates.com
Counsel for Plaintiff