IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDWARD ROBERSON, III, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-02270-B |
| | § | |
| LVNV FUNDING, LLC, RS CLARK | § | |
| AND ASSOCIATES, INC., COLUMBIA | § | |
| DEBT RECOVERY, LLC d/b/a GENESIS, | § | |
| and UNITED REVENUE, LLC a/k/a | § | |
| UNITED REVENUE CORPORATION | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT RS CLARK AND ASSOCIATES, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND 12(b)(6)

Defendant RS Clark and Associates, Inc. ("RS Clark" or "Defendant") files this motion and supporting brief in support of its *Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6),* and respectfully shows the Court as follows:

I.

### INTRODUCTION

1. Plaintiff has brought this action against RS Clark, for the alleged violation of the Fair Debt Collection Practices Act § 1692, et seq ("FDCPA").

2. RS Clark, on behalf of its client and the original creditor, Appliance Warehouse (the "Original Creditor"), furnished information regarding Plaintiff's alleged debt owed to the Original Creditor to the consumer reporting agencies, such as Experian and Equifax (collectively the "CRAs"). The information furnished included the notation that the account was disputed by Plaintiff.

3. Plaintiff alleges that, in March of 2025, he notified RS Clark by letter that he was "no longer disputing this account at this time" (Doc. 1 at 3, 8) and requested that RS Clark "remove all dispute remarks, notations, and comments" from the credit report (Id.).[1] Plaintiff claims that he subsequently pulled his credit report and saw that RS Clark's reporting of the account to the CRAs in July and August of 2025 still included the notation that the account was disputed by Plaintiff. (Doc. 1 at 3).

4. Regarding alleged damages, Plaintiff makes the conclusory allegations that, because the dispute remained on his credit report, his "FICO score [was] calculated and reported inaccurately," that his "credit report continues to be damaged" (Doc. 1 at 3), and such conduct causes him "reputational harm" (Doc. 1 at 4). Plaintiff alleges that RS Clark's reporting of the account as disputed "may confuse the least sophisticated consumer into thinking that the only alternative to get the dispute comments removed is to make a payment, agreeing to the debt." (Doc. 1 at 4). Plaintiff also alleges noneconomic damages in the form of "anxiety, loss of sleep, headaches, emotional distress, frustration, anger, humiliation, … and other negative emotions." (Id.).

5. Last, Plaintiff claims that RS Clark acted intentionally and that its actions were "willful, malicious, reckless, [and] wanton." (Doc. 1 at 4).

6. As argued more fully below, Plaintiff lacks standing under Article III, and his Complaint should be dismissed under Rule 12(b)(1) because Plaintiff does not allege sufficient facts regarding any concrete injury sufficient to support Article III standing and/or Plaintiff's allegations affirmatively negate standing. Moreover, the Complaint should be dismissed pursuant to Rule 12(b)(6) because Plaintiff fails to allege sufficient facts to state claim under the FDCPA.

---

[1] Plaintiff's statement to RS Clark and in his Complaint that he was "no longer disputing" the account necessarily admits that he had previously disputed the account.

**RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION (STANDING)**

8. Standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). A plaintiff must demonstrate standing for each claim he/she seeks to press and for each form of relief that is sought. *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734, 128 S. Ct. 2759, 171 L. Ed. 2d 737 (2008). Federal courts are courts of limited subject matter jurisdiction. *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022). A federal court's power to resolve disputes is limited to "Cases" and "Controversies," U.S. Const. art. III, § 2, to prevent them from encroaching on domains properly allocated to the other branches in our system of self-government. *Id*. (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203, 210 L. Ed. 2d 568 (2021)). A lawsuit is not a "Case[ ]" or "Controvers[y]" unless the plaintiff can prove that he has standing to bring suit. *Perez*, 45 F.4th at 821 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). That requires the plaintiff to "show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Perez* at 821 (quoting *TransUnion*, 141 S. Ct. at 2203).

9. As the Supreme Court has insisted time and again, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo* at 1549. On the contrary, the existence of a "cause of action does not affect the Article III standing analysis." *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1620 (2020). Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo* at 1549. *TransUnion* explicitly held that "Article III standing

requires a concrete injury even in the context of a statutory violation." 141 S. Ct. at 2205. It "reject[s] the proposition that 'a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.' And it emphasizes that a hypothetical lawsuit based only on the violation of an environmental statute "may not proceed because that plaintiff has not suffered any physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id*. at 2206. "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *Id.* at 2205.

10.     Plaintiff's allegations do not establish standing, because the alleged "wrong" describes conduct that was neutral, if not beneficial, to Plaintiff, not harmful. Plaintiff claims that his FICO score [was] calculated and reported inaccurately" and that his "credit report continues to be damaged" (Doc. 1 at 3) and causes him "reputational harm" (Doc. 1 at 4), because RS Clark failed to remove his dispute of the debt.  However, necessarily removing the dispute results in the debt being reported as undisputed.  Failing to inform a credit reporting agency that a debt is disputed negatively impacts the debtor's credit score and constitutes a violation of the FDCPA. *See Sayles v. Advanced Recovery Sys*., 865 F.3d 246, 249 (5th Cir. 2017); *Wood v. Sec. Credit Servs., LLC*, 126 F.4th 1303, 1310 (7th Cir. 2025). However, "a debt marked as disputed negatively impacts a credit score less than a debt that is not marked as disputed." *Wood*, 126 F.4th at 1310. "[T]here is no apparent harm to a debtor when a dispute notation is not removed from an undisputed, or no longer disputed, debt." *Mims v. LVNV Funding, LLC*, No. 24-cv-11943, 2025 U.S. Dist. LEXIS 41983, at *7 (E.D. Mich. 2025). Therefore, Plaintiff's allegations *affirmatively negate any injury-in-fact*.  Simply, there is no injury caused by RS Clark that the

Court can redress by judicial relief. *See Perez* at 821 (citing *TransUnion* at 2203). Therefore, Plaintiff has no standing to assert any claims for violation of the FDCPA.

11. To the degree that Plaintiff's allegations do not affirmatively negate standing, Plaintiff's allegation that RS Clark's reporting of Plaintiff's (apparently undisputed) debt as disputed negatively impacted Plaintiff's credit score and credit report is illogical and counterintuitive. *See Mims*, 2025 U.S. Dist. LEXIS 41983, at *7. Therefore, at a minimum, the Complaint fails to plead sufficient facts showing how such conduct by RS Clark could cause the type of harm Plaintiff claims. In addition, Plaintiff's allegations relevant to standing are otherwise conclusory on their face, as there are no facts pled that indicate how continuing to report the debt as disputed could have caused any harm regarding Plaintiff's credit score or negatively affect his credit report. Plaintiff also does not plead any facts as to how reporting the debt as disputed could compel the least sophisticated consumer[2] to make a payment on a debt that Plaintiff impliedly admits he owes.

12. Likewise, Plaintiff's allegations are conclusory and insufficient to indicate how RS Clark's continued reporting of the dispute, could have caused Plaintiff "anxiety, loss of sleep, headaches, emotional distress, frustration, anger, humiliation, out-of-pocket costs, and other negative emotions," as there is no apparent harm to a debtor when a dispute notation is not removed from an undisputed, or no longer disputed, debt. *See Mims* at *7.

### RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

13. Under *Twombly* and *Iqbal*, Plaintiff's Complaint must meet the following minimal pleading requirements to survive a Rule 12(b)(6) motion to dismiss:

---

[2] When evaluating a violation of FDCPA Section 1692e, a court must view the conduct from the perspective of an "unsophisticated or least sophisticated consumer." *Manuel v. Merchs. & Prof'l Bureau, Inc.*, 956 F.3d 822, 826 (5th Cir. 2020).

> To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). All in all, the question is not whether the claimant "will ultimately prevail . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011).

*See United States v. Bank United Tr. 2005-1*, 235 F. Supp. 3d 1343, 1352 (S.D. Fla. 2017).

14. Section 15 U.S.C. § 1692e of the FDCPA states the following:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
\*   \*   \*
   (2) The false representation of—
      (A) the character, amount, or legal status of any debt….

15. Plaintiff fails to plead any facts that indicate how RS Clark's reporting of the debt as disputed was "false, deceptive, or misleading representation or means" as to Plaintiff "in connection with the collection of any debt." As argued regarding standing, Plaintiff's allegations regarding RS Clark's conduct are counterintuitive to his claim that the conduct harmed his credit score and credit reporting. He also alleges that it "may confuse the least sophisticated consumer into thinking that the only alternative to get the dispute comments removed is to make a payment, agreeing to the debt." (Doc. 1 at 4). First, as Plaintiff stated that he no longer disputes the debt, the least sophisticated consumer could not be confused into "agreeing to the debt,"

because if he no longer disputes the debt, then he impliedly agrees that the debt is accurate and valid. Without additional facts, RS Clark's conduct could not have caused any confusion, even to the least sophisticated consumer. Moreover, it does not follow that RS Clark's reporting of the debt as disputed would be more compelling for a consumer to pay than reporting it as undisputed, and therefore, acknowledged as valid by the consumer. Plaintiff cannot complain about potentially feeling compelled to pay a debt that he impliedly agrees he owes.[3]

16.     Plaintiff's allegations are implausible and insufficient to state a claim. Otherwise, if Plaintiff does not agree that he owes the debt, then it is, in fact, disputed, and RS Clark's reporting of the debt as disputed was accurate and not a violation of the FDCPA as matter of law, and Plaintiff has no claim for relief. *See Dukes v. LVNV Funding, LLC*, No. 6:21-cv-1342-GAP-DAB, 2022 U.S. Dist. LEXIS 251902, at *14 (M.D. Fla. 2022).

17.     Furthermore, Plaintiff's allegations regarding RS Clark's conduct do not involve conduct "*in connection with the collection of any debt*." Plaintiff only makes a conclusory allegation with no facts in support. (*See* Doc. 1 at 5). Even assuming, arguendo, that reporting a debt to a credit agency can be an activity "in connection with the collection of [a] debt," Plaintiff has not plausibly alleged that RS Clark's reporting activity was in connection with collection of a debt. The failure to remove a dispute notation is not conduct committed in connection with the

---

[3] While not a "letter" case, the following quote appears appropriate to describe Plaintiff's conduct:

> It is interesting to contemplate the genesis of these suits. The hypothetical Mr. Least Sophisticated Consumer ("LSC") makes a $400 purchase. His debt remains unpaid and undisputed. He eventually receives a collection letter requesting payment of the debt which he rightfully owes. Mr. LSC, upon receiving a debt collection letter that contains some minute variation from the statute's requirements, immediately exclaims "This clearly runs afoul of the FDCPA!" and—rather than simply pay what he owes—repairs to his lawyer's office to vindicate a perceived "wrong." "[T]here comes a point where this Court should not be ignorant as judges of what we know as men."

*Miller v. Javitch, Block & Rathbone*, 561 F. 3d 588, 596 (6th Cir. 2009).

collection of a debt. *See e.g.*, *Mims*, 2025 U.S. Dist. LEXIS 41983, at *6-7 (Analyzing two cases that found a violation of 1692e for the failure to remove a dispute notation, the court held, "the courts seemed to have assumed that, or glossed over the issue of whether, the notations were made in connection with a debt without considering whether, in fact, their "animating purpose" was "to induce payment by the debtor." To conclude that a "dispute" notation on a credit line, when the debtor in fact does not dispute the debt, constitutes a communication to induce payment would result in a "bizarre or idiosyncratic interpretation[.]"). Plaintiff fails to demonstrate how the failure to remove the dispute notation could serve any purpose to make the consumer more likely to some detrimental action. Plaintiff does not allege any facts that would suggest RS Clark's reporting of the debt as disputed was a means to collect on the debt. Accordingly, Plaintiff has not plausibly alleged that the purpose of RS Clark's reporting was to induce him to pay his debts. *See Billups v. Retail Merchs. Ass'n*, 620 F. App'x 211, 214 (5th Cir. 2015).

18. As "there is no apparent harm to a debtor when a dispute notation is not removed from an undisputed, or no longer disputed, debt," Plaintiff has not established that RS Clark's failure to remove the dispute notion on the account was a false or misleading statement made "in connection with the collection of a debt." *See Mims* at *7. He, therefore, fails to allege a viable claim under the FDCPA. *Id*.

## CONCLUSION & PRAYER

19. With respect to all claims asserted by Plaintiff, the allegations in the Complaint do not allege sufficient concrete injury for standing or sufficient to state a plausible claim for relief. As a result, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(1) and/or Rule 12(b)(6). Defendant also respectfully requests for such other and further relief to which it may be entitled.

Respectfully submitted,

By: /s/ John W. Bowdich
JOHN W. BOWDICH
State Bar No. 00796233
TODD LILES
State Bar No. 00796956

BOWDICH & ASSOCIATES, PLLC
8150 N. Central Expy., Suite 500
Dallas, Texas 75206
(214) 307-9500 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com
tliles@bowdichlaw.com

ATTORNEYS FOR DEFENDANT
RS CLARK AND ASSOCIATES, INC.

CERTIFICATE OF SERVICE

On September 25, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, Dallas Division using the electronic case filing system of the court, thereby providing service to all parties.

| | |
|---|---|
| Andrew Woods II, Esq.<br>WOODS LEGAL ADVOCATES, PLLC<br>13101 Preston Road, Ste 110-5100<br>Dallas, Texas 75240<br>ATTORNEY FOR PLAINTIFF | VIA ECF |
| Manuel H. Newburger, Esq.<br>BARRON & NEWBURGER, P.C.<br>7320 N. MoPac Expy., Suite 400<br>Austin, Texas 78731<br>ATTORNEY FOR LVNV FUNDING, LLC | VIA ECF |

By: /s/ John W. Bowdich
JOHN W. BOWDICH