UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDWARD ROBERSON III, )<br>          Plaintiff, )<br>)<br>v. )<br>)<br>LVNV FUNDING, LLC, RS CLARK )<br>AND ASSOCIATES, INC., COLUMBIA )<br>DEBT RECOVERY, LLC, d/b/a GENSIS, )<br>and UNITED REVENUE, LLC, aka )<br>UNITED REVENUE CORPORATION )<br>          Defendants. ) | Case No. 3:25-cv-02270-B<br><br>DEMAND FOR JURY TRIAL |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
RS CLARK & ASSOCIATES MOTION TO DISMISS**

COMES NOW, Plaintiff, Edward Roberson III, by and through counsel, respectfully submits this Response in Opposition to Defendant RS Clark & Associates, Inc.'s Motion to Dismiss as follows:

### I.   INTRODUCTION

1. Plaintiff brought this action against RS Clark for violation of the Fair Debt Collection Practices Act § 1692, et seq ("FDCPA").

2. The Motion should be denied in its entirety. Defendant's arguments mischaracterize the well-pleaded facts and disregard binding and persuasive precedent recognizing that false or misleading credit reporting by a debt collector violates 15 U.S.C. § 1692e.

3. Plaintiff has alleged in detail that Defendant continued to report the account as "disputed" to Experian and Equifax months after receiving his written notice withdrawing the dispute. These allegations establish Article III standing, state a plausible claim under § §

1692e(2)(A) and 1692e(8), and demonstrates that Defendant's conduct occurred in connection with the collection of a debt.

## II.  LEGAL STANDARD UNDER RULE 12(b)(6)

4. Federal Rules of Civil Procedure 12(b)(6) authorizes dismissal only where a complaint fails to state a claim upon which relief can be granted. The pleading must be construed in the light most favorable to the plaintiff, and all factual allegations must be accepted as true. *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996).

5. Dismissal is appropriate only if the factual allegations do not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

6. As recently reaffirmed:

   "When considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail." *Jarrett v. Audemus LLC*, 2025 WL 976596, 2 (S.D. Tex. Mar. 31, 2025) (citing *Twombly*, 550 U.S. at 563).

7. Defendant's Motion invites this Court to do exactly what *Jarrett* forbids, assess the merits of disputed facts and weigh evidence, functions which are inappropriate at the pleading stage.

## III.  ARGUMENT

### *Plaintiff Has Article III Standing and Satisfies Twombly and Iqbal*

8. Defendant's assertions that Plaintiff lacks standing fail as a matter of law. The Fifth Circuit holds that inaccurate credit reporting by a debt collector creates a concrete injury because it "exposes [a consumer] to a real risk of financial harm caused by an inaccurate credit rating." *Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 250 (5th Cir. 2017).

"In *Ewing v. Med-1 Solutions*, 24 F.4th 1146 (7th Cir. 2022), the Seventh Circuit held that dissemination of false credit information to third-party CRAs constitutes concrete injury because it mirrors the harm of defamation. The court explained: "The harm of having false information about one's creditworthiness disseminated to third parties bears a sufficiently close relationship to the harm associated with the common-law tort of defamation." *Id.* at 1153. That is precisely the injury alleged here."

9. Plaintiff alleged that on March 20, 2025, he wrote to Defendant: "This is not a dispute. I am no longer disputing this account at this time. Please remove all dispute remarks, notations, and comments from my credit report." (Compl. 13 & Ex. 1). Plaintiff alleged Defendant received that letter on March 24, 2025 (¶ 14), yet continued to report the account as "disputed" to Experian on July 21 and to Equifax on August 6, 2025 (¶ 15 & Ex. 2).

10. The Complaint included detailed factual allegations, such as the precise wording of Plaintiff's withdrawal letter, the dates of receipt and subsequent reporting, and the specific injuries that followed. Those factual allegations "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These allegations show the publication of false information to third-party credit reporting agencies ("CRA"), an injury recognized as concrete and reputational under *Sayles and Ewing*.

### Plaintiff Plead Specific and Concrete Harms

11. Defendant's assertion that Plaintiff alleged only speculative or "emotional" injuries ignores the detailed factual allegations in the Complaint and the nature of the statutory harm recognized by Congress.

12. Plaintiff alleged that Defendant's continued reporting to Experian and Equifax resulted in "reputational harm", "emotional distress including anxiety, loss of sleep, headaches, frustration, anger, and humiliation". (Compl. ¶¶ 17, 22).

13. These injuries are concrete under both the Supreme Court and circuit precedent. In *Ewing v. Med-1 Solutions, LLC*, the Seventh Circuit held that dissemination of false credit information to third parties constitutes a concrete injury because it is "closely related to the harm associated with the common-law tort of defamation." 24 F.4th 1146, 1153 (7th Cir. 2022). "The Consumers alleged that the Debt Collectors communicated false information to a credit reporting agency, which then disseminated the false information in the Consumers' credit reports," and "the communication of false credit information to a credit reporting agency is the precise harm Congress sought to prevent when it enacted the FDCPA and FCRA provisions at issue." *Id.* at 1152–53 & n.2.

14. Plaintiff alleges that the exact harm here, that false information about his creditworthiness was communicated to CRA and disseminated to third parties. The reputational and psychological injuries alleged by Plaintiff are therefore "real" and "particularized", not abstract or speculative.

15. The Fifth Circuit reached the same conclusion in *Sayles*, holding that "inaccurate credit information exposes [a consumer] to a real risk of financial harm caused by an inaccurate credit rating." 865 F.3d at 250. Together, *Ewing* and *Sayles* establish that Defendant's conduct inflicted both statutory and concrete harm sufficient to support Plaintiff's FDCPA claim and Article III standing.

*Plaintiff Plausibly Alleged False Reporting Under §§ 1692e(2)(A) and 1692e(8)*

16. Defendant insists Plaintiff failed to allege falsity. The Complaint shows otherwise. Plaintiff's letter explicitly states he was **not disputing** the account. Defendant's continued reporting of it as "disputed" months later is a false communication concerning the legal status of the debt, violating §§ 1692e(2)(A) and 1692e(8).

17. *Sanchez v. LVNV Funding, LLC* court held that continued reporting after a withdrawal of dispute is "inaccurate and violative of § 1692e." Slip op. at 18 (N.D. Ga. Sept. 26, 2023).

18. These allegations satisfy Twombly/ Iqbal by supplying the "who, what, when, and how" of the misrepresentation, corroborated by exhibits.

### *Defendant's Conduct Occurred "In Connection With The Collection of Any Debt"*

19. Defendant argues that the CRA reporting is not debt-collection conduct, citing *Mims v LVNV Funding, LLC*. That argument conflicts with both statutory text and precedent.

20. Section 1692e(8) expressly covers, "[c]ommunicating … to any person credit information which is known or should be known to be false." 15 U.S.C. § 1692e(8). Nothing limits liability to direct debtor communications.

21. The Fifth Circuit applied § 1692e(8) to credit reporting in *Sayles*, confirming that failure to accurately report disputes to CRA violates the FDCPA. 865 F.3d at 249-50. *Ewing* likewise treated CRA furnishing as actionable under the FDCPA, framing the issue as whether "the Debt Collectors communicated false information … to a credit-reporting agency." 24 F.4th at 1152.

22. Plaintiff explicitly alleged that Defendant "uses…credit reporting to persuade consumers to pay" and that its communications were made "intentionally to induce payment." (Compl. ¶¶ 10, 20). Those factual allegations, taken as true, meet any conceivable "animating purpose" test.

23. Mims is neither binding nor persuasive here; it predates Sanchez and conflicts with *Sayles* and the statute's plain text. Defendant's suggestion that leaving a dispute remark is "beneficial" ignores *Sanchez*, which rejected that exact claim, holding that continued reporting as disputed after withdrawal "was inaccurate and violated § 1692e." Slip op. at 18. Plaintiff pleaded reputational injury, and emotional distress are concrete and particularized.

## CONCLUSION

For the foregoing reason, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety and permit this action to proceed to discovery so that Plaintiff may present evidence in support of his claims under the Fair Debt Collection Practices Act.

Respectfully submitted,

Date: October 16, 2025                                                                 /s/ Andrew Woods II

Andrew Woods II

Illinois Bar No.: 36311
Oklahoma Bar No.: 24-215
Texas Bar No.: 36311OK
Woods Legal Advocates, PLLC
13101 Preston Road Ste 110-5100
Dallas, TX 75240
214-764-3275
pleadings@woodslegaladvocates.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF system on October 16, 2025.

Xerxes Martin, Esq.
Martin Golden Lyons Watts Morgan
8750 N Central Expressway, Suite 1850
Dallas, TX 75231
Attorney for UNITED REVENUE CORPORATION

Manuel H. Newburger, Esq.
Barron & Newburger, P.C.
7320 N MoPac Expy., Suite 400
Austin, TX 78731
Attorney for LVNV FUNDING, LLC

John W. Bowdich, Esq.
Bowdich & Associates, PLLC
8150 N Central Expy., Suite 500
Dallas, TX 75206
Attorney for RS CLARK & ASSOCIATES, INC.

Keith Wier, Esq.
Law Office of Keith Wier, PLLC
15150 Preston Road, Suite 300
Dallas, TX 75248
Attorney for COLUMBIA DEBT RECOVERY, LLC

/s/ Andrew Woods II
Andrew Woods II