## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| EDWARD ROBERSON III, | ) CASE NO.: 3:25-cv-2270-B |
| Plaintiff, | ) |
| vs. | ) |
| COLUMBIA DEBT RECOVERY, LLC, d/b/a GENESIS, | ) **ANSWER TO PLAINTIFF'S COMPLAINT** |
| Defendant. | ) |

COMES NOW Defendant COLUMBIA DEBT RECOVERY, LLC (hereinafter "Defendant"), by and through its counsel of record, and hereby answers the Complaint of Plaintiff EDWARD ROBERSON III (hereinafter "Plaintiff"), by admitting, denying and alleging as follows:

## I.    INTRODUCTION

1.    In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA").  Defendant denies that Plaintiff's claims have merit.

## II.    PARTIES

2.    Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 8 of the Complaint and therefore, denies same.

3.    In response to Paragraph 3 of the Complaint, Defendant admits it engages in the collection of debt in its business. Defendant admits it is a limited liability company.  Defendant admits it conducts business in Texas.  Defendant admits it may be served with process at 906 SE Everett Mall Way, Suite 301,

Everett, WA 98208.  Defendant denies the remaining allegations in Paragraph 3 of the Complaint, which constitute legal conclusions.

### III.    VENUE AND JURISDICTION

4.    Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 4 of the Complaint and therefore, denies same.

5.    Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 5 of the Complaint and therefore, denies same.

6.    In response to Paragraph 6 of the Complaint, Defendant admits it conducts business within the Northern District of Texas.  Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations in Paragraph 6 of the Complaint and therefore, denies same.

### IV.    FACTUAL BACKGROUND

7.    Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

8.     Defendant denies the allegations in Paragraph 8.

9.    In response to Paragraph 9 of the Complaint, Defendant admits that it engages in debt collection in its business.  Defendant denies the remaining allegations in Paragraph 9 of the Complaint, which constitute legal conclusions.

10.    In response to Paragraph 10 of the Complaint, Defendant admits that it engages in debt collection in its business.  Defendant denies the remaining allegations in Paragraph 10 of the Complaint, which constitute legal conclusions.

11.    In response to Paragraph 11 of the Complaint, Defendant admits that it engages in debt collection in its business.  Defendant denies the remaining allegations in Paragraph 11 of the Complaint, which constitute legal conclusions.

ANSWER TO COMPLAINT

12.     In response to Paragraph 12, Defendant admits the debt at issue arises from an account with Luxia Grand Prairie.  Defendant denies the remaining allegations in Paragraph 12 of the Complaint, which constitute legal conclusions.

13.     Defendant denies the allegations in Paragraph 13.

14.     Defendant denies the allegations in Paragraph 14.

15.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint and therefore, denies same.

16.     Defendant denies the allegations in Paragraph 16.

17.     Defendant denies the allegations in Paragraph 17.

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant denies the allegations in Paragraph 19.

20.     Defendant denies the allegations in Paragraph 20.

21.     Defendant denies the allegations in Paragraph 21.

22.     Defendant denies the allegations in Paragraph 22.

23.     Defendant denies the allegations in Paragraph 23.

24.     Defendant denies the allegations in Paragraph 24.

## V.     15 U.S.C. § 1692 et seq.

25.     Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

26.     Defendant denies the allegations in Paragraph 26 and its subparts.

27.     Defendant denies the allegations in Paragraph 27.

28.     Defendant denies the allegations in Paragraph 28.

29.     Defendant denies the allegations in Paragraph 29.

30.     Defendant denies the allegations in Paragraph 30.

31.     Defendant denies the allegations in Paragraph 31.

ANSWER TO COMPLAINT

## VI.    RIGHT TO AMEND

32.    Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 32 of the Complaint and therefore, denies same.

## VII.    PRAYER FOR RELIEF

In response to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to the relief sought in the Prayer for Relief and its subparts, which is also vague, ambiguous, lacks foundation and constitutes a legal conclusion.

## VIII.    DEMAND FOR JURY TRIAL

In response to Plaintiff's demand for a jury trial, Defendant admits Plaintiff demands a jury trial.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Cause of Action)

1.    Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.    Defendant is informed and believes and based thereon alleges that Plaintiff's Complaint, and each cause of action contained therein, or portions thereof, are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

3.    Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could

have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4.    As a separate, affirmative defense, the Complaint, and each cause of action alleged there against Defendant is barred by the conduct, actions, and inactions of Plaintiff, which amount to and constitute an estoppel of the claims and any relief sought by the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.    Plaintiff is barred from maintaining the Complaint and each purported cause of action alleged therein against Defendant as a result of unclean hands with respect to the events upon which the Complaint and purported causes of action allegedly are based.

## SIXTH AFFIRMATIVE DEFENSE

### (Compliance with Statute)

6.    The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

## SEVENTH AFFIRMATIVE DEFENSE

### (Actions Were Proper)

7.    As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any law, including provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## EIGHTH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Conduct)

8.      As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff.  Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

9.      Plaintiff is barred by the doctrine of laches from pursuing his Complaint and each purported cause of action alleged therein against Defendant by reason of his inexcusable and unreasonable delay in filing his Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

10.      As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

11.      As a separate, affirmative defense, Defendant alleges that Plaintiff's claims are, or may be, barred because the claimed injuries and damages, if any, were or may have been caused by the conduct of third parties, including, but not limited to, the prior, intervening, or superseding conduct of third parties.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

12.      As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint fails as a matter of law due to lack of standing to bring an action.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

13.     As a separate, affirmative defense, Defendant asserts that it substantially complied with the requirements of the statutes at issue.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

14.     As a separate, affirmative defense, Defendant asserts that Plaintiff suffered no actual damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset)

15.     Any damages that Plaintiff may recover against Defendant in this Action must be offset against all amounts owed to Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith)

16.     Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by it at the time it so acted, Defendant alleges that it acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to the answering Defendant. Accordingly, Plaintiff is barred from any recovery in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

17.     As a separate, affirmative defense, assuming arguendo that Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error,

notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Legitimate Business Purpose)

18.    As a separate, affirmative defense, Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose.  Further, Defendant acted in good faith in the honest belief that the acts, conduct, and communications, if any, of Defendant were justified under the circumstances based on information reasonably available.

## NINETEENTH AFFIRMATIVE DEFENSE
### (FDCPA Damages are Limited)

19.    As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692 *et seq.*

## TWENTIETH AFFIRMATIVE DEFENSE
### (Damages Not Specific)

20.    Plaintiff's Complaint fails to state a cause of action against Defendant because it does not plead special damages with sufficient particularity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Actions were Privileged and Justified)

21.    As a separate, affirmative defense, the Complaint, and each cause of action alleged therein against Defendant, is barred because Defendant was privileged and justified, by statute and by common law, in making the alleged statements and representations, if any.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

ANSWER TO COMPLAINT

**(Maintained Reasonable FDCPA Procedures)**

22.     As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the FDCPA.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Arbitration)**

23.     As a separate, affirmative defense, Defendant reserves the right to compel arbitration.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Consent)**

24.     If any acts or omissions of the Defendant are proved, which the Defendant expressly denies occurred, then such acts or omissions were provoked by Plaintiff, and done with the consent, express and implied of Plaintiff.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend its answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that the Complaint be dismissed with prejudice, for attorneys' fees and costs incurred herein, and for such further relief as the court deems just and equitable.

ANSWER TO COMPLAINT

Respectfully submitted,

**THE LAW OFFICES OF KEITH WIER, PLLC.**

 */s/ Keith Wier*
Keith Wier
SBN: 21436100
15150 Preston Road, Suite 300
Dallas, Texas 75248
Phone: (214) 540-6690
Email: kwier@keithwierlaw.com
**ATTORNEY FOR DEFENDANT,**
**COLUMBIA DEBT RECOVERY LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October 2025, a true and accurate copy of the foregoing ANSWER TO PLAINTIFF'S COMPLAINT was served via ECF/CM to all parties or counsel of record.

 */s/ Keith Wier*
Keith Wier

ANSWER TO COMPLAINT